**KOLLER LAW LLC**
David M. Koller, Esquire (037082002)
Sarah R. Lavelle, Esquire (027632004)      *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(215)545-8917
(215) 575-0826 (fax)
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GLENN QUICK**<br>**PO Box 603**<br>**Bangor, PA 18013**<br><br>**Plaintiff,**<br><br>v.<br><br>**CSI INTERNATIONAL, INC.,**<br>**2 Park Street**<br>**Blairstown, NJ 07825**<br><br>**6700 N. Andrews Avenue**<br>**Fort Lauderdale, FL 33309**<br><br>**Defendant.** | **Civil Action No.**<br><br>**Hon.**<br><br>**Complaint and Jury Demand** |

## COMPLAINT

Plaintiff, Glenn Quick, by and through his attorney, Koller Law LLC hereby files this Complaint against Defendant CSI International, Inc. (hereinafter "Defendant") alleging that his rights, pursuant to the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. § 2601 *et seq.*, and the New Jersey Law Against Discrimination ("NJLAD") have been violated and avers as follows:

### PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff, Glenn Quick (hereinafter "Plaintiff") is an adult individual who is domiciled in Pennsylvania.

3. Defendant, CSI International, Inc. (hereinafter "Defendant") employed Plaintiff since January 5, 2001, as a Custodian until his termination on January 8, 2018.

4. Plaintiff initiated this action to recover damages and equitable relief under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, hereinafter referred to as the "FMLA."

5. Defendant is a provider of janitorial, facility operations and maintenance and integrated facility services to corporate, commercial and educational locations doing business at Blair Academy location at 2 Park Street, Blairstown, NJ 07825 and with a corporate headquarters located at 6700 N Andrews Avenue, Fort Lauderdale, FL 33309.

6. Defendant is an entity engaged in an industry or activity affecting commerce which employed 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweek in the current or preceding year.

## JURISDICTION & VENUE

7. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

8. Subject-Matter Jurisdiction is conferred upon this Honorable Court by 28 U.S.C. § 1337 relating to "any civil action or proceeding arising out of any act of Congress regulating commerce," 28 U.S.C. § 1343(4), and 28 U.S.C. § 1331, and under the FMLA, 29 U.S.C. § 2601 *et seq.*

9. This Court may properly maintain Personal Jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with the traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

10. Venue is appropriately laid in the United States District Court for the District of New Jersey inasmuch as all parties regularly conduct business within this District and the acts complained of by Plaintiff arose herein.

## FACTS

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. On January 5, 2001, Wood Dining Services hired Plaintiff as a Custodian to work at Blair Academy. Blair Academy is a private high school located in Blairstown, New Jersey.

13. At some point, Sodexo took over the janitorial services for Wood Dining Services and Plaintiff became an employee of Sodexo at that point in time.

14. Plaintiff performed well during his tenure with Wood Dining Services and Sodexo.

15. In or around 2015, Defendant was awarded the contract with Blair Academy, and Plaintiff was hired by Defendant to continue with the same duties he held since 2001.

16. Marge Harris was Plaintiff's supervisor with Wood Dining Services and Sodexo.

17. Linda Cook was Plaintiff's supervisor with Defendant and was in the position of Housekeeping Manager.

### PLAINTIFF NOTIFIED DEFENDANT OF HIS NEED FOR SURGERY

18. In December 2017, Dr. Gerardo M. Garcia, who was Plaintiff's treating physician, informed Plaintiff that he needed his gallbladder removed.

19. Plaintiff scheduled the surgical procedure to take place on January 3, 2018, to be performed by Dr. Garcia.

20. Shortly afterwards, Plaintiff informed Ms. Cook in person, that he had a surgical procedure to remove his gallbladder scheduled for January 3, 2018.

21. Plaintiff requested time off while he recovered from his operation, and asked Ms. Cook, his manager, for the time off.

22. Ms. Cook told Plaintiff that he could take time off by using his vacation time. However, Ms. Cook never advised Plaintiff of his rights under the Family and Medical Leave Act ("FMLA") and never instructed him to talk to Human Resources about his request for leave and his available options.

### **THE SURGEON RESCHEDULED THE SURGERY TO JANUARY 10, 2018**

23. However, on January 3, 2018, Dr. Garcia had an emergency and was unable to perform Plaintiff's operation on that date. The hospital called Plaintiff to tell him that a few days prior.

24. Dr. Garcia rescheduled Plaintiff's surgery for January 10, 2018 and told Plaintiff that when Plaintiff received the call cancelling the January 3, 2018 surgery.

25. When Plaintiff first learned his surgery was postponed one (1) week, Plaintiff called Ms. Cook to tell her that. Mr. Cook requested Plaintiff to return back to work at Defendant until January 9, 2018, the day before his operation was rescheduled.

26. Defendant did not allow Plaintiff to return to work until Monday January 8, 2018.

27. On January 8, 2018, Plaintiff reported to work at Defendant. Plaintiff was experiencing pain in his ankles due to inflammation, and could not move. He told Ms. Cook.

28. Approximately one (1) hour before Plaintiff's shift ended Ms. Cook instructed Plaintiff to leave Defendant.

29. Ms. Cook told Plaintiff that he still had an hour to work but he did not complete the work Plaintiff was supposed to complete (cleaning two more small locker rooms).

30. Plaintiff informed Ms. Cook that he could stay and finish his shift, but Ms. Cook insisted that he leave.

31. While Plaintiff was leaving out of the facility, Ms. Cook walked Plaintiff to his car. She then told Plaintiff to apply for Social Security Disability.

32. Plaintiff had the surgery on January 10, 2018. A few weeks after the surgery, Roxanne Daniels, Head of Human Resources, called Plaintiff to inquire about his status.

33. Plaintiff told her he was waiting for his doctors' orders but that he anticipated returning to work.

34. Ms. Daniels said she will definitely call Plaintiff to check back in with him.

35. Ms. Daniels never called Plaintiff.

36. Plaintiff fully intended to return to work had he been given his federal right of the three (3) months of leave under the FMLA. It unfortunately was not given to him.

37. Plaintiff had applied for short term disability benefits per the instruction of Ms. Cook, and then applied for unemployment compensation benefits.

### COUNT I - INTERFERENCE
### VIOLATION of the FAMILY MEDICAL LEAVE ACT, FMLA 29 USCA §2615(b) *et. seq.*
### Plaintiff v. Defendant

38. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

39. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

40. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA Leave in order to care for her own serious medical conditions.

41. Defendant did not consider Plaintiff eligible for leave under the FMLA.

42. Defendant refused Plaintiff to go on FMLA leave.

43. Defendant acted in bad faith by interfering with Plaintiff application for FMLA leave.

44. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FMLA-related request for leave.

45. Defendant's aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" any right provided by the FMLA. 29 U.S.C. 2615(a)(1)

46. As a direct and proximate result of Defendant's unlawful interference with Plaintiff's rights under the FMLA, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, disruption of her personal life and loss of enjoyment of the ordinary pleasures of life.

47. Plaintiff demands judgment in her favor against Defendant for all available equitable relief including, but not limited to: unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

48. Plaintiff further demands judgment in his favor against Defendants for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under § 2617(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## COUNT II – DISCRIMINATION/RETALIATION
## VIOLATION of the FAMILY MEDICAL LEAVE ACT, FMLA 29 USCA §2615(b) *et. seq.*
## Plaintiff v. Defendant

49. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

50. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C) Plaintiff was eligible for leave under the Family Medical Leave Act.

51. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA Leave in order to care for his own serious medical condition.

52. Plaintiff gave Defendant sufficient information to allow it to understand that she needed leave for FMLA-qualifying reasons.

53. Defendant refused to allow Plaintiff to utilize his leave under the FMLA.

54. Nonetheless, Defendant terminated Plaintiff shortly after he was approved for FMLA leave.

55. Defendant's motivation for terminating Plaintiff was connected causally to Plaintiff's application of FMLA leave.

56. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

57. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

58. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by

the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

59. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

### COUNT III – FAILURE TO ACCOMMODATE
### NEW JERSEY LAW AGAINST DISCRIMINATION

60. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

61. Plaintiff is a member of a protected class in that he is disabled.

62. Plaintiff was qualified to perform the essential functions of his position.

63. Plaintiff requested an accommodation in the form of a medical leave of absence to recover from surgery.

64. Plaintiff's requested accommodation was reasonable.

65. Defendant failed to engage in a meaningful, interactive process as required under the law.

66. Defendant failed to accommodate Plaintiff.

67. The requested accommodation was not an undue hardship to Defendant.

68. Because of Defendant's failure to accommodate Plaintiff's reasonable request, Defendant terminated Plaintiff.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW LLC**

Date: 3/11/19

By: *David M. Koller*

David M. Koller, Esquire (037082002)
Sarah R. Lavelle, Esquire (027632004)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiff*

9